UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| DANIEL C. O'BRIEN, | |
| Plaintiff, | |
| v. | Civil Action No. 3:14–CV–178 |
| DIJANA GREEN, | |
| Defendant. | |

## MEMORANDUM OPINION

THIS MATTER is before the Court on a Motion to Remand (ECF No. 5) filed by *pro se* Plaintiff Daniel C. O'Brien ("Plaintiff"). For the reasons stated below, the Court will DENY Plaintiff's Motion.

### I.     Factual and Procedural Background

Plaintiff filed a Complaint on February 14, 2014 in the Circuit Court for King William County, Virginia ("King William Circuit Court"). Plaintiff alleges that Defendant Dijana Green ("Green") issued an uncertified, unsworn "notice of levy" to Plaintiff's bank—Citizens & Farmer's Bank of West Point—and transferred Plaintiff's property to the Internal Revenue Service ("IRS") without having received a valid "Warrant of Distraint" or perfected judicial levy. (Notice of Removal Ex. 1 ("Complaint")). In response to the levy, Plaintiff demanded evidence that Green was an agent of the federal government. After Green failed to respond, Plaintiff then sent a "Notice of Default and Opportunity to Cure" and, later, a "Notice of Intent to Sue." (Compl. 6-7). Plaintiff argues that Green's actions caused him economic harm and deprived him of due process of law under the Constitutions of both Virginia and the United States. Plaintiff requests that the Court issue a "Writ of Quo Warranto" to Green "demanding that she appear before this court and present factual and statutory evidence of her authority to issue 'notices of levy' in the

1

Commonwealth of Virginia that have the legal effect of properly certified judicial warrants." (Compl. 2).

On March 14, 2014, the United States removed this case from the King William Circuit Court pursuant to 28 U.S.C. §§ 1442(a) and 1446. Plaintiff filed this Motion to Remand on April 15, 2014. Green filed a Motion to Dismiss on the very same day. Green then opposed Plaintiff's Motion to Remand on April 25, 2014. Plaintiff filed his reply on May 1, 2014. This matter is now ripe for review.

## II.     Legal Standard

### A.  Removal Generally

A case originating in state court may be removed to federal court if the district court has subject-matter jurisdiction on the basis of the existence of a federal question or diversity. 28 U.S.C. §§ 1331, 1332, 1441(a). Federal question jurisdiction requires that a civil action arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332. If at any time before final judgment it appears the district court lacks subject matter jurisdiction, the court must remand the case. 28 U.S.C. § 1447(c).

### B.  The Federal Officer Removal Statute

The federal officer removal statute provides that an action brought in state court may be removed by any federal officers or their agents sued in an official or individual capacity "for any act under color of such office." 28 U.S.C. § 1442(a)(1). "Invocation of the federal officer removal statute is 'predicated on the allegation of a colorable federal defense' by the defendant officer." *Wilson v. Gottlieb*, 821 F. Supp. 2d 778, 782 (D. Md. 2011) (quoting *Mesa v. California*, 489 U.S. 121, 129 (1989)). When considering motions to remand, courts are to interpret the federal officer removal statute broadly as opposed to "a narrow, grudging interpretation." *See Willingham v. Morgan*, 395 U.S. 402, 407 (1969).

//

2

### III. Analysis

The Court finds that Green is a federal officer as an employee of the IRS. Additionally, this dispute primarily arises from the Government's efforts to collect Plaintiff's federal tax liabilities, thus, it is closely connected with the performance of Green's official functions. *See Jefferson Cnty. v. Acker,* 527 U.S. 423, 447 (1999). Finally, Green presents a colorable defense. "The defendant does not need to prove that his federal immunity defense will succeed to obtain removal." *Citrano v. John Crane-Houdaille, Inc.,* No. CIV. WDQ-13-2158, 2014 WL 806442, at *4 (D. Md. Feb. 27, 2014) (citing *Jamison v. Wiley,* 14 F.3d 222, 238 (4th Cir. 1994)).

In a factually similar case, a court held that removal jurisdiction was proper because a suit against an IRS employee that sought to either interfere with public administration, restrain the government from acting, or compel the government to act, was a suit against the sovereign implicating sovereign immunity. *See Zigmont v. Jones,* No. 1:11CV134, 2011 WL 4007383, at *2-3 (N.D.W. Va. Sept. 8, 2011), *report and recommendation adopted,* 1:11CV134, 2011 WL 449886 (N.D.W. Va. Sept. 27, 2011) (citing *Dugan v. Rank,* 372 U.S. 609, 610 (1963)). The same court noted that another court held that a similar suit was essentially barred by sovereign immunity. *Id.* (citing *Jones v. Bass,* 343 F. Supp. 2d 1066 (D. Wy. 2004)). Accordingly, the United States has met the requirements of section 1442(a)(1).

### IV. Conclusion

For the above reasons, the Court will DENY Plaintiff's Motion to Remand because removal jurisdiction is present under section 1442(a)(1).

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record and to Plaintiff.

An appropriate Order shall issue.

/s/
**James R. Spencer**
Senior U. S. District Judge

ENTERED this ___9th___ day of May 2014.

3