UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| DANIEL C. O'BRIEN,<br><br>          Plaintiff,<br><br>v.<br><br>DIJANA GREEN,<br><br>          Defendant. | Civil Action No. 3:14–CV–178 |

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on a Motion to Dismiss (ECF No. 2) filed by Dijana Green ("Green") and a Motion for Clarification (ECF No. 13) filed by *pro se* Plaintiff Daniel C. O'Brien ("Plaintiff"). For the reasons stated below, the Court will GRANT the Motion to Dismiss and DENY the Motion for Clarification. Additionally, the Court will DENY Green's Motion to Substitute.

  **I.  FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed a complaint on February 14, 2014 in the Circuit Court for King William County, Virginia ("King William Circuit Court"). Plaintiff alleges that Green issued an uncertified, unsworn "notice of levy" to Plaintiff's bank—Citizens & Farmer's Bank of West Point—and transferred Plaintiff's property to the Internal Revenue Service ("IRS") without having received a valid "Warrant of Distraint" or perfected judicial levy. (Notice of Removal Ex. 1 ("Complaint")). In response to the levy, Plaintiff demanded evidence that Green was an agent of the federal government. After Green failed to respond, Plaintiff sent a "Notice of Default and Opportunity to Cure" and, later, a "Notice of Intent to Sue." (Compl. 6-7). Plaintiff argues that Green's actions caused him economic harm and deprived him of due process of law under the Constitutions of both Virginia and the United States. Plaintiff requests that the Court issue a

"Writ of Quo Warranto" to Green "demanding that she appear before this court and present factual and statutory evidence of her authority to issue 'notices of levy' in the Commonwealth of Virginia that have the legal effect of properly certified judicial warrants." (Compl. 2).

On March 14, 2014, the United States removed this case from the King William Circuit Court pursuant to 28 U.S.C. §§ 1442(a) and 1446. The Court denied Plaintiff's Motion to Remand on May 9, 2014. Plaintiff filed a Motion for Clarification on June 25, 2013. Green opposed this Motion on July 9, 2014. Plaintiff has not replied and the Motion for Clarification is now ripe for review.

Green filed her Motion to Dismiss on April 15, 2014. Plaintiff opposed on July 3, 2014. Green has not replied and this Motion is now ripe for review.

I.     **MOTION TO DISMISS**

    **A. Legal Standard**

A motion to dismiss for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a claim, rather than the facts supporting it. Fed. R. Civ. P. 12(b)(6); *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007); *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). A court ruling on a Rule 12(b)(6) motion must therefore accept all of the factual allegations in the complaint as true, *see Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254-55 (W.D. Va. 2001), in addition to any provable facts consistent with those allegations, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and must view these facts in the light most favorable to the plaintiff, *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). The Court can consider the complaint, its attachments, and documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State for Defence v. Trimble Navigation Ltd.,* 484 F.3d 700, 705 (4th Cir. 2007).

To survive a motion to dismiss, a complaint must contain factual allegations sufficient to provide the defendant "notice of what the . . . claim is and the grounds upon which it rests." *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8(a)(2) requires the complaint to allege facts showing that the claim is plausible, and these "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 540 U.S. at 555; *see id.* at 555 n.3. The Court need not accept legal conclusions presented as factual allegations, *id.* at 555, or "unwarranted inferences, unreasonable conclusions, or arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

### B. Parties' Arguments

Plaintiff seeks an injunction under Virginia Code section 8.01-620. Green argues that absent a waiver, sovereign immunity shields her and the Federal Government and its agencies from suit. Green argues that dismissal is appropriate because the defense of sovereign immunity is available under two theories. First, Green argues that absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit and that the United States has not consented to be sued under Virginia Code section 8.01-620. Additionally, Green contends that to the extent Plaintiff is attempting to sue her in her official capacity for alleged violations of Virginia constitutional and statutory law, the action is barred by sovereign immunity. Second, Green argues that Plaintiff's suit is barred under the Anti-Injunction Act. Green contends that Plaintiff's action are properly construed as an action seeking to enjoin or restrain the collection of taxes owed by him through an administrative levy issued by the IRS pursuant to 26 U.S.C. § 6331. Green concludes that Plaintiff's suit, seeking to enjoin or restrain the collection of his tax liabilities by administrative levy, is barred by the Anti-Injunction Act.

In opposition, Plaintiff argues that there is no evidence that Green is a federal officer or an employee of the IRS. Plaintiff contends that Green "defaulted" on his demand for evidence of her employment with the IRS. Plaintiff argues that Green must prove that she is a federal officer for this Court to lack jurisdiction and for sovereign immunity to apply. Plaintiff argues that Green's actions violate his rights under the Constitution of Virginia or the United States

Constitution, specifically the Fourth and Fifth Amendments. Plaintiff contends that Green's application of the Anti-Injunction Act is misplaced because he seeks no damages or recovery. Instead, he reports that he merely seeks Green's credentials and will do nothing to interfere with the assessment of collection of any tax.

### C. Discussion

#### 1. Findings of the Court

In denying Plaintiff's Motion to Remand, the Court found that Green is a federal officer as an employee of the IRS. *O'Brien v. Green*, No. 3:14-CV-178, 2014 WL 1881957, at *2 (E.D. Va. May 9, 2014). Additionally, the Court found that this dispute primarily arises from the Government's efforts to collect Plaintiff's federal tax liabilities. *Id.*

As it stands, Plaintiff is suing Green under the assertion that she somehow personally issued a notice that caused the IRS to levy his bank account. Plaintiff is essentially moving this Court to force Green to prove that she has the right to take such actions. In support of this argument, Plaintiff contends that Green never responded to his repeated attempts to force her to verify her employment with the IRS and authority to levy his bank account. However, in the same breath, Plaintiff complains that the federal government should not be able to obtain or seize any property "without the least effort to obtain judicial approval." (Compl. 20). He further states that "it is inconceivable that an agency of the government . . . would now have the authority . . . to issue . . . [a] non-judicial warrant." (*Id.*) Plaintiff challenges Green's status as an employee of the IRS but implicitly concedes that "if [Green] and her employer are allowed to take Plaintiff's property without due process, and hold it for even the time it would take to conduct a successful refund suit, he would suffer damages in lost time and resources that can never be recovered." (*Id.* at 22). Green's "employer" is the IRS, which contradicts Plaintiff's

4

allegation that Green may not be a federal employee.[1] The Court's finding that Green is a federal employee is, thus, supported by the record and Plaintiff's own statements.

### 2. Plaintiff's Writ of Quo Warranto

Plaintiff does not have the power to force Green to prove that she is a government official pursuant to Virginia Code § 8.01-636. A writ of quo warranto is "[a] common-law writ used to inquire into the authority by which a public office is held or a franchise is claimed." *Black's Law Dictionary* 1285 (8th ed. 2004). "Because quo warranto is the prerogative writ by which the Government can call upon any person to show by what warrant he holds a public office or exercises a public franchise . . . a private individual has no standing to institute such a proceeding." *Id.* (citing *Newman v. United States ex rel. Frizzell,* 238 U.S. 537, 545 (1915)); *see also Blackburn v. O'Brien,* 289 F. Supp. 289, 292 (W.D. Va. 1968) (stating that a private individual has no standing to institute a quo warranto proceeding); *Blodinger v. Broker's Title, Inc.*, 294 S.E.2d 876, 878 (Va. 1982) (same). Thus, as a private individual, Plaintiff lacks standing to assert a claim for writ of quo warranto.[2] Without this cause of action, the Court is left without any legal basis on which Plaintiff can assert his claim. However, Plaintiff may have stated a *Bivens* claim.

### 3. Plaintiff's Potential Claim under *Bivens*

Plaintiff's action against Green arose when the IRS, through Green, served a notice of levy on the Plaintiff's bank to collect his tax liabilities. As Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *See Erickson v. Pardus,* 551 U.S. 89, 90–95 (2007). His allegation that Green's actions "deprived him of due process of law" under the Constitution, (*see* Compl. 1), suggests that Plaintiff's claim should be characterized as a *Bivens* suit. *See Whittman v. Virginia*, CIV. No. 02-1362-A, 2002 WL 32348410, at *3-4 (E.D. Va. Nov. 4, 2002)

---

[1] The Court need not accept legal conclusions that are presented as factual allegations, *id.* at 555, or "unwarranted inferences, unreasonable conclusions, or arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

[2] It is possible that Plaintiff could ascertain such facts through the Freedom of Information Act. *See* 5 U.S.C. § 552(a)(3)(A).

(granting a *pro se* plaintiff a liberal construction of his complaint and assessing it under section 1983). There is, however, some question as to whether Plaintiff is suing Green in her official capacity or in a personal capacity.

> Under *Kentucky v. Graham*:
>
> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. . . . Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." . . . As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.

473 U.S. 159, 165-66 (1985) (internal citations omitted). The Supreme Court further explained that:

> to establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right. . . . More is required in an official-capacity action, however, for a governmental entity is liable under § 1983 only when the entity itself is a "'moving force'" behind the deprivation, . . . thus, in an official-capacity suit the entity's "policy or custom" must have played a part in the violation of federal law.

*Id.* at 166 (internal citations omitted).

As previously stated, Plaintiff is suing Green under the assertion that she personally issued a notice that caused the IRS to levy his bank account. The United States asserts that Plaintiff's claims against revenue officer Green in her official capacity should be treated as a suit against the United States and that the United States should be substituted as the defendant. The Government contends that because Plaintiff is suing Green in her official capacity, he is in effect proceeding against the IRS.

Because Green is a federal officer, section 1983 does not apply. Instead Plaintiff's claims are governed by *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390 (1971). Under *Bivens*, the Supreme Court recognized a cause of action for damages against an individual acting under the color of federal law based on an alleged Constitutional violation. *Id.* at 390-97. However, the doctrine of qualified immunity shields government officials performing discretionary functions "from liability for civil damages insofar as their

conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Assuming that Plaintiff is suing Green in her personal capacity, the defense of qualified immunity applies. "The right of the United States to collect its internal revenue by summary administrative proceedings has long been settled." *Phillips v. Commissioner*, 283 U.S. 589, 595-96 (1931). "[I]t is well settled that the enforced collection of federal taxes by seizure is constitutional, since the statutes provide an adequate remedy by which liability may be contested." *See, e.g., Detwiler v. United States*, 406 F. Supp. 695, 698 (E.D. Pa. 1975) (citing *Phillips*, 283 U.S. at 595-96). Plaintiff's arguments based on the Fourth and Fifth Amendments to the United States Constitution and the Virginia Constitution are frivolous and, thus, Green is entitled to qualified immunity. [3]

To the extent that Plaintiff sues Green in her official capacity or the IRS in order to enjoin the assessment of taxes against him, Plaintiff's claims fail. "A suit against a federal official for acts performed within his official capacity amounts to an action against the sovereign." *See Thurston v. United States,* 810 F.2d 438, 444 (4th Cir. 1987). Moreover, "[i]t is axiomatic that the United States may not be sued without consent and that the existence of consent is a prerequisite to jurisdiction." *United States v. Mitchell,* 463 U.S. 206, 212 (1983). In accordance with the doctrine of sovereign immunity, an action against the federal government can be maintained only where it has expressly consented to being sued. *See Welch v. United States,* 409 F.3d 646, 650–51 (4th Cir. 2005). Plaintiff's claims against the IRS are barred by sovereign immunity and he points to no exceptions to this doctrine. "Although *Bivens* recognizes a personal-capacity cause of action for damages against federal officials for violations of federal constitutional rights, *Bivens* does not operate as a waiver of sovereign immunity for actions

---

[3] Even assuming that Plaintiff can show harm and causation regarding Green as an individual, Plaintiff cannot show that his injury—economic loss—can be redressed by a decision in his favor because Plaintiff seeks no money damages and the Court cannot enjoin the IRS from levying taxes from Plaintiff's property.

against the Federal Government and its agencies." *Everett v. Francis*, CIV.A. No. 5:07-CV-135, 2009 WL 2971359, at *3 (N.D.W. Va. Sept. 16, 2009) (citing *Bivens,* 403 U.S. at 397; *FDIC v. Meyer*, 510 U.S. 471, 483 (1994)).

Moreover, this Court has no jurisdiction to provide the remedy sought by Plaintiff. Even assuming that the defense of sovereign immunity does not apply to the IRS, this matter clearly falls under the purview of the Anti-Injunction Act because Plaintiff is seeking to enjoin or restrain the collection of taxes owed by him. (Compl. 22) ("Plaintiff . . . requests an injunction from this Court . . . to prevent any future transfer of Plaintiff's property based on Defendant's notices until such time as Defendant has provided the evidence of her position and authority."). Plaintiff's attempt to enjoin the IRS from levying his bank account, for any reason, is barred by the Anti-Injunction Act. *See* 26 U.S.C. § 7421(a). ("[N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person . . . ."). To meet the judicial exception to the Anti–Injunction Act, Plaintiff would have to demonstrate irreparable harm, certainty of success on the merits, or, in other words, that the Government cannot ultimately prevail on the merits. *See Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 6–7 (1962). His allegations here do not support such conclusions. A suit which does not fall within one of these exceptions is dismissed for lack of subject matter jurisdiction. *Elias v. Connett,* 908 F.2d 521, 523 (9th Cir. 1990).

For the above reasons, the Court will GRANT the Motion to Dismiss.

    4.  <u>Substitution of Green</u>

Green argues that the Government should be substituted for her in this suit. Green argues that a suit against a federal officer in his or her official capacity is effectively a suit against the United States. It is unclear whether Plaintiff is attempting to sue Green in her personal capacity or in her official capacity. Moreover, substitution in the context of section 1442 typically takes place in conjunction with another applicable statute. For example, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680, provides absolute immunity from claims for

8

monetary damages brought against any individual federal employee, in his or her official capacity, who was acting within the scope of his or her office or employment when the alleged constitutional tort was committed. *See, e.g.*, *Gutierrez de Martinez v. DEA,* 111 F.3d 1148, 1152 (4th Cir. 1997). The FTCA further allows the United States to substitute itself for such defendants upon certification by the United States Attorney that the person was acting within the scope of his or her employment at the time that the incidents out of which plaintiff's claims arose. 28 C.F.R. § 15.4(b); *see also* 28 U.S.C. § 2679(d)(1). Plaintiff does not bring a claim under the FTCA and the Government has not submitted any certification. In any event, the United States has been joined in this case and the substitution of parties is not necessary. The Court will construe the applicable section of the Motion to Dismiss as a Motion to Substitute and DENY the Motion.

## II. MOTION FOR CLARIFICATION

Plaintiff requests clarification on the Court's finding that Green is an employee of the IRS under Federal Rule of Civil Procedure 52. The Government argues that Plaintiff's Motion for Clarification should be construed as a motion to reconsider pursuant to Rule 59.

Under Federal Rule of Civil Procedure 52(a),

> [i]n an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court.

Fed. R. Civ. P. 52(a). No trial has taken place in this matter. To the extent that Plaintiff's motion arises under Rule 52, the Motion is improper.

To the extent that Plaintiff's Motion for Clarification arises under Rule 59, "courts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Although a clear error of law may be grounds for

9

reconsideration, a plaintiff should not use a 59(e) motion simply "to ask the Court to rethink what the Court had already thought through." *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983); *see also Zdanok v. Glidden Co.,* 327 F.2d 944, 953 (2d Cir. 1964) ("[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.").

To the extent that Plaintiff argues that the Court should reconsider its denial of Plaintiff's previous motion to remand, the Court will DENY the Motion as untimely. The Order denying Plaintiff's Motion to Remand was entered on May 9, 2014. Plaintiff's motion to "clarify" the Order was not filed until June 25, 2014. As such, the motion is untimely under Rule 59(e). Further, as stated above, the Court's factual determination is supported.

To the extent that Plaintiff moves for reconsideration under Federal Rule of Civil Procedure 60, the Motion is timely, but as stated above, the Court's factual determination is supported.

Therefore, the Motion for Clarification will be DENIED.

### III. Conclusion

For the above reasons, the Court will GRANT Green's Motion to Dismiss, DENY Plaintiff's Motion for Clarification, and DENY Greens Motion to Substitute.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record and to Plaintiff.

An appropriate Order shall issue.

```
_____/s/_____
James R. Spencer
Senior U. S. District Judge
```

ENTERED this __31st__ day of July 2014.